## Case No. 14,350.

UNION BANK v. ELIASON.

[2 Cranch, C. C. 629.] [1]

Circuit Court, District of Columbia. Dec. Term, 1825.

PLEADING—PRACTICE—RULE-DAY—PLEA OF LIMITATIONS.

1. The statute of limitations must be pleaded strictly within the rule-day, unless the court, for good cause shown, shall permit it to be pleaded afterwards.

2. Ignorance of the practice of the court may be an excuse for an attorney recently admitted to the bar, which, with other circumstances, may be good cause for admitting the statute to be pleaded after the rule-day.

Assumpsit. The plea of limitations was filed after the rule-day.

Mr. Dunlop, for plaintiffs, had instructed the clerk not to make up an issue on that plea; but, under the general practice of the bar to suffer the clerk to enter the pleadings and make up the issues, it is probable that inadvertently he made the entry on the docket, "non ass't., lim's. and issue."

Mr. Key, for plaintiffs, now moved the court to strike out the plea of limitations.

Mr. Coxe, for defendant, stated (his affidavit not being required by the plaintiff's counsel,) that he was employed by the defendant to appear for him at the return-term of the writ; which he did, and at the same

[1] [Reported by Hon. William Cranch, Chief Judge.]

time had a conversation with the defendant, in which it was determined between them that the statute of limitations ought to be pleaded. That he (Mr. Coxe,) had recently come to this bar, and never had heard that there was any rule of this court, or of any other court, that required the plea of limitations to be filed before the expiration of the rule to plead.

Mr. Jones had also been employed as counsel, by the defendant, at the return-term, but was not consulted until after the plea-day.

THE COURT (nem. con.) ordered the plea of limitations to be stricken out. The court was referred to the case of Wetzell v. Buzzard [Case No. 17,471], at October term, 1821.

Mr. Coxe, on a subsequent day, moved the court to reinstate the plea of limitations, and produced the defendant's affidavit stating that the note on which the suit is brought is dated in 1814. That the defendant made a deed in trust to Mr. Bowie, to secure the bank, who took possession of the property, enjoyed the profits, and ordered the property to be sold by the trustee; bought it in, themselves, and hold it; and that it was worth more than the debt. That the plaintiffs never demanded of the defendant payment of the note after 1814, and that he had considered the debt as paid. This affidavit was in addition to the facts before stated by Mr. Coxe, on the motion to strike out the plea of limitations.

Mr. Dunlop and Mr. Key, contrà: If the defence stated in the affidavit be good it needs not the aid of the statute of limitations. The affidavit ought to state facts to show that the plea is necessary to the justice of the case, such as loss of evidence, &c.

Mr. Jones, in reply: The debt is paid in equity; and perhaps the defence cannot be sustained at law. The principle of the case of Wetzell v. Buzzard [supra] applies to this. Mr. Coxe states that there is no rule of court as to the time of pleading the statute of limitations. The only rule is that pleas shall be filed by the rule-day. The practice of the court was not known to Mr. Coxe, which requires that the plea of limitations must be filed strictly within the rule.

THE COURT (THRUSTON, Circuit Judge, doubting, but not dissenting,) said: It is within the discretion of the court to admit or refuse any plea offered after the expiration of the rule to plead. The plaintiff has then, strictly, a right to judgment by default. This right is controlled only by the practice of the court. By that practice, long established, all fair pleas to the merits have been admitted after the rule-day; but, by the same practice, the plea of the statute of limitations cannot be admitted, unless facts be stated showing it to be necessary to support the justice of the case, such as the loss of evidence, or some just defence of which the defendant is unable to avail himself at law, and the like; or unless some other good cause be shown to the court for admitting the same. In the case of Wetzell v. Buzzard, at October term, 1821, in this court, although there was an affidavit of merits, yet the court relied principally upon the ground that the attorney for the defendant had been instructed, before the plea-day, to plead the statute of limitations; but it being the first term of that attorney's practice in this court, and not being acquainted with the practice of this court to require the plea of the statute of limitations to be filed before the expiration of the rule to plead, he omitted to file it until the imparlance term after the plea-day. In the present case, Mr. Coxe, the defendant's attorney, had, at the time he was employed by the defendant, been recently admitted to practice in this court, and was as ignorant of the peculiar practice of the court in regard to the statute of limitations as the attorney was in the case of Wetzell v. Buzzard; and the affidavit of merits is perhaps as strong in this case as in that. The defendant had a right to plead the statute. He was in no personal default in not pleading it in due time. He has stated in his affidavit that he was ignorant of the practice to require the plea to be filed before the plea-day. If he should lose his case for want of the plea, it is doubtful, perhaps, whether, under the circumstances, he could make his attorney responsible for his loss. We see no difference in principle between this case and that of Wetzell v. Buzzard, and therefore think that the plea ought to be admitted.